ISAACS v. MOLL.

(Supreme Court, Appellate Term. June 21, 1912.)

1. GUARANTY (§ 38*)—CONSTRUCTION—GUARANTY OF BILLS—CONTINUING GUARANTY.

A guaranty by defendant, dated October 27, 1909, to answer to the amount of $400 "for merchandise purchased" by a third person from plaintiff, in view of evidence that plaintiff's salesman obtained an order from the debtor and then obtained the guaranty from defendant, and that defendant at no time understood that plaintiff was claiming liability for bills for goods delivered thereafter, did not continue, so as to cover sales made two years after the date of the guaranty.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 47; Dec. Dig. § 38.*]

2. PLEADING (§ 127*)—PLEA—ADMISSIONS.

That defendant, in an action on a guaranty, in addition to denying the allegations of the complaint, pleaded affirmative defenses of accord and satisfaction and cancellation, did not show any admission of liability on his part.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 264–268; Dec. Dig. § 127.*]

3. PLEADING (§ 93*)—PLEA—INCONSISTENT DEFENSES.

A defendant may plead inconsistent defenses, and, notwithstanding his defenses, may rely upon his denial of the allegations of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 189, 190; Dec. Dig. § 93.*]

Appeal from City Court of New York, Trial Term.

Action by William Isaacs against Alfred Moll. From a judgment of the City Court of the City of New York, entered by direction of the court after each side had moved for the direction of a verdict in its favor, defendant appeals. Reversed, and new trial granted.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellant.

Abraham A. Silberberg, of New York City, for respondent.

LEHMAN, J. The defendant, on October 27, 1909, signed the following written guaranty:

"New York, Oct. 27, 1909.

"In consideration of one ($1) dollar to me in hand paid, receipt of which is hereby acknowledged, I, the undersigned, hereby guarantee to Wm. Isaacs, of 373 Broadway, for merchandise purchased by N. Johnson from said Wm. Isaacs, and in the event of said N. Johnson not meeting his bills at maturity I shall hold myself personally liable for the payment of same. It shall, however, be stipulated that my liability for above guarantee shall not exceed the sum of four hundred ($400) dollars.　　　　Alfred Moll."

The plaintiff claims under that guaranty for goods sold and delivered to Johnson between June 19, 1911, and September 25, 1911.

[1] The sole question litigated was whether the guaranty was of a continuing nature, including all of goods sold thereafter, or whether it was limited to goods which had been purchased prior to October 27, 1909. There can be no question but that, according to the rules of strict grammatical construction, the guaranty is for "merchandise purchased," and is limited to goods purchased prior to that date. While the guaranty contains words of futurity, they are entirely consistent with the strict construction of the words "merchandise purchased"; for these words are used apparently with reference only to the payment of the bills for this merchandise on maturity. The plaintiff, however, claims that the strict grammatical construction must give way to the intent of the parties, as shown by their acts. Conceding, without deciding, that parol evidence was properly admitted to explain the meaning of the words used, I fail to find that this evidence is sufficient to sustain the construction for which the plaintiff contends.

The plaintiff's salesman testified that, prior to obtaining the guaranty, he obtained an order from Johnson, and then went to see the defendant, and obtained the written guaranty from the defendant. The complaint itself alleges that the guaranty was obtained in consideration of and to obtain the delivery at that time of goods, for the sale of which, upon terms of credit, the said Johnson had applied to the plaintiff. In view of these allegations and conceded facts, the strict grammatical construction of the words of the guaranty is absolutely in accordance with the actual intent of the parties. If the guaranty was obtained, as the complaint alleges, "to induce the delivery *at said time* of goods, wares, and merchandise to said Nathan Johnson, upon terms of credit," it should not be so construed as to cover goods sold and delivered almost two years thereafter. The sole evidence which the plaintiff produced to show a contrary intent were conversations with the defendant in the fall of 1910, in which the plaintiff complained that Johnson was slow in meeting his bills, and that defendant said he would speak to Johnson. There is no evidence either that the defendant then understood that the bills were for goods bought after the guaranty was given, or that the defendant under-

stood that plaintiff was claiming any liability on his part for such bills.

[2, 3] Nor does the fact that defendant pleaded, in addition to a denial of the allegations of the complaint, affirmative defenses of accord and satisfaction and of cancellation, show any admission of liability on his part. He had a right to plead inconsistent defenses, and may, in spite of his defenses, rely upon the denial of the allegations of the complaint.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.